# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1153V
(not to be published)

| | |
|---|---|
| TARA M. LOHMAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 15, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Justin Glenn Day*, Greg Coleman Law, PC, Knoxville, TN, for Petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 25, 2017, Tara M. Lohman, ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome as a result of an influenza vaccine administered on September 19, 2014. Petition at 1. On August 28, 2019, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 49).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 6, 2020 (ECF No. 52), requesting a total award of $12,857.50 (representing $12,127.50 in fees and $730.00 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner has not incurred out-of-pocket expenses. (ECF No. 52-3). Respondent reacted to the motion on April 9, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. (ECF No. 53). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find some reduction in the total amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). A claimant "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**ATTORNEY FEES**

A. Hourly Rates

Petitioner requests the rate of $250 per hour for all time billed between 2016 – 2019 for attorney Justin Day, and $400 per hour for the same time period for attorney Celia Hastings. (ECF No. 52-1 at 6). However, Mr. Day has been previously awarded the rates of $200 per hour for 2016, $230 for 2017, and $240 for 2018. *See Winters v. Sec'y v. Health & Human Servs.,* No. 17-0887V, 2019 WL 5079322 (Fed. Cl. Spec. Mstr. May 17, 2019). I find no reason to deviate from the previously-awarded rates, and therefore reduce Mr. Day's rates accordingly. This lowers the total amount to be awarded in fees by **$127.00**. Otherwise, the $250 hourly rate requested for time billed in 2019 is appropriate, and I award it herein.

Just as with Mr. Day, Ms. Hastings's requested rate of $400 per hour for all time billed exceeds what was previously awarded for her time in *Winters.* There, Ms. Hastings was awarded the rate of *$385* per hour for 2017, although she was permitted $400 per hour for 2018. I reduce her 2017 rate to what was previously awarded, lowering the amount of total fees available to be awarded herein by **$20.25**.

B. Paralegal Tasks

Upon review of the records submitted, it is evident that multiple entries were billed at attorney rates for tasks considered paralegal in nature. However, it is axiomatic in the Program that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). Rather, "the rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Examples of such improperly-billed entries include:

- November 16, 2016 (0.30 hrs) - "Request medical records from Norwood Family Practice";

- August 25, 2017 (1.0hrs) - "Prepare petition and exhibits for filing with court";

- August 16, 2018 (0.10 hrs) - "file petitioner's status report with vaccine court"; and

3

- November 16, 2018 (0.10 hrs) - "file Petitioner's Exhibit List with vaccine court."

(ECF No. 52-1 at 1, 2, 4 and 5).[3]

Mr. Day was previously awarded the paralegal rate of $135 for all such time billed between 2016 – 2018. *See Winters.* I find that same rate to be appropriate in this matter, and therefore reduce the hourly rate for all tasks considered paralegal to the rate of $135 per hour for 2016 – 2018. For tasks considered paralegal in 2019, I will award the increased rate of $150 per hour. This reduces the available amount of fees by **$2,161.00**.[4]

I otherwise find the time billed to this matter to be appropriate. Based on the foregoing rate revisions, Petitioner is awarded $9,819.25 in attorney's fees.

## ATTORNEY COSTS

Petitioner also requests $730.00 in attorney costs. (ECF No. 52-1 at 7). This amount includes costs associated with obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, and therefore award the requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of $10,549.25 (representing $9,819.25 in fees, and $730.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

---

[3] These are merely examples and not an exhaustive list.

[4] This amount consists of the reduced rate of ($385 - $135 = $250 x 0.60 hrs = $150) + ($400 - $135 = $265 x 5.30 hrs = $1,404.50) + ($400 - $135 = $265 x 2.10 hrs = $556.50) + ($400 - $150 = $250 x 0.20 hrs = $50) = $2,161.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
